FRANK H. REYNOLDS *et al. vs.* WILLIAM MISSLER.

AUGUST 7, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   After the filing of our opinion in this case, *Reynolds* v. *Missler*, 79 R. I. 89, the plaintiffs filed a motion for leave to reargue.   This motion was granted in our opinion, *Reynolds* v. *Missler*, 79 R. I. 91, wherein we stated:

"Upon consideration we are of the opinion that plaintiffs' contention raises an issue of sufficient importance to our practice to make it advisable to hear further arguments thereon.   However, such arguments should be limited to the question whether this court, having sustained defendant's exception to the effect that one count and the evidence thereon should not have been submitted to the jury, is nevertheless prevented from also finding upon a consideration of the full record that submission of such count and evidence was prejudicial error in a case where the verdict is general and there is one good count which is supported by evidence; and secondly, if special findings be essential to determine the existence of any prejudicial error in the circumstances as here presented, whether plaintiffs or defendant had the burden to request such findings. To that extent only, the plaintiffs' motion for leave to reargue is granted."

The plaintiffs contend that, upon a consideration of the full record, submission of the fifth count and the evidence thereunder was not prejudicial error in this case where the verdict was general and there was at least one good count which was supported by evidence.   The defendant's contention is to the contrary.

As appears in the original opinion, *Reynolds* v. *Missler*, *supra*, the declaration in trespass and ejectment was in six counts.   The fifth count alleged as the only basis of the cause of action certain trespasses committed not on the leased premises but *on adjoining premises* of the plaintiffs. At the conclusion of the evidence defendant moved for a directed verdict on each count.   This motion was denied and the case was submitted to the jury on *all* the counts and

*all the evidence* submitted thereunder. We held that the fifth count and the evidence adduced in support thereof were not within the scope of an action of trespass and ejectment with reference to the leased premises; that since the verdict was general we could not say that the jury did not base its verdict solely on that count; and that the refusal of the court to direct a verdict in defendant's favor on the fifth count was prejudicial error. For that reason we remitted the case to the superior court for a new trial on the other counts of the declaration.

It should be noted that, in addition to the motion for a directed verdict, defendant also made the following request for instructions to the jury: "The defendant requests the court to charge the jury that it give no consideration to the allegations in the fifth count since trespasses, commissions of nuisances and other acts *on adjoining land of another,* as alleged here, are not proper subjects or grounds for this action of trespass and ejectment." (italics ours) The court refused this instruction and defendant excepted thereto. Since we granted a new trial on defendant's exception to the refusal of the court to direct a verdict in his favor on the fifth count, we did not pass on his other exceptions. Obviously, if it had been necessary for us to do so we should also have sustained this exception to the denial of defendant's request to charge.

At the reargument both parties in their briefs and oral arguments cited authorities in support of their respective contentions. An examination of these authorities, however, shows that for the most part they were cases where there was *no* evidence to sustain a particular count or where the evidence in support thereof was deemed to be *insufficient.* They are distinguishable from the instant case where a count setting up an entirely different cause of action was improperly joined with good counts, and where such improper count and all the evidence thereunder were submitted to the jury with the remaining counts and the evidence adduced in support thereof.

Among the cases examined *Deming* v. *Venditti*, 73 R. I. 31, comes closest to the one at bar. That case was an action of trespass on the case in which plaintiff filed a declaration containing two counts, one in negligence and the other in trespass for assault and battery. At the conclusion of the evidence defendant moved for a directed verdict on both counts. This motion was denied. The jury then returned a general verdict for the plaintiff. This court, finding that there was evidence to support the first count but *no* evidence to support the second count, sustained defendant's exception to the denial of his motion to direct a verdict on the latter count.

As to the effect of such error, the court said, at page 36: "The sustaining of that exception raises the question whether the error of the trial justice in permitting the case to go to the jury on both counts vitiated the trial as to the first count. There is a difficulty here which is not readily surmounted. Under our practice when the jury retire to deliberate upon their verdict, they take the pleadings into the jury room. We have no means of knowing whether or not they considered the second count and it may well be that they did, in the absence of specific instructions that they were not to consider it. If they did, it may conceivably have entered into the determination of their verdict, at least in respect to the damages. In view of the impossibility of our resolving that question, we are of the opinion that justice would be better served if the case were submitted to another jury solely on the first count. Only in this way can we be certain that the allegations of assault and battery in the second count will play no part in the jury's verdict, either as to the liability or the damages."

In the instant case the error was even more flagrant. The count in question was totally foreign to and inconsistent with the cause of action on trial. The defendant, by a timely motion and by a request for instructions, in effect had asked that the fifth count and the evidence thereunder be withdrawn from consideration by the jury. Nevertheless

such count, which plaintiffs concede was improper, was not only taken into the jury room but under the court's instructions the jury was permitted to consider that count and all the evidence presented thereunder, thus commingling it with evidence supporting the proper counts.

In the circumstances appearing in *Deming* v. *Venditti, supra,* we held that it was error to take into the jury room a good count upon which no testimony was presented. *A fortiori* we think it was error to allow the jury to consider and commingle with other evidence the testimony presented under a count for an entirely different cause of action.

In the peculiar circumstances of this case it is unnecessary to decide whether special findings were necessary to determine the existence of prejudicial error and whether plaintiffs or defendant had the burden to request such findings. These might be appropriate questions where all the counts in a declaration are consistent and proper under the action stated in the writ, but not where, as here, a count for an entirely different cause of action is imported into the declaration without legal justification and together with evidence thereunder is allowed to be considered by the jury notwithstanding timely objection by defendant. In such case, for the reasons set forth here and in our original opinion, there is at least prima facie a prejudicial error.

For the above reasons we see no necessity for changing our conclusion, and the case is remitted to the superior court for further proceedings in accordance with our original opinion.

*James H. Donnelly,* for plaintiffs.

*Goldberg & Goldberg, Leo M. Goldberg, Philip B. Goldberg, Joseph Palmieri, Walter R. Orme,* for defendant.